**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

| | | |
|---|---|---|
| **JACK E. VANCE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 1:16-10725** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **WEST VIRGINIA STATE POLICE** | ) | |
| **POCAHONTAS COUNTY DETACHMENT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Defendant's Motion to Dismiss (Document No. 8), filed on May 18, 2017. The Court notified Plaintiff pursuant to Roseboro v. Garrison, 528 F.2d 304 (4th Cir. 1975), that Plaintiff had the right to file a response to Defendant's Motion and submit Affidavit(s) or statements and/or other legal or factual material supporting his claims as they are challenged by the Defendant in moving to dismiss. (Document No. 10.) Plaintiff filed his Response in Opposition on July 20, 2017. (Document No. 14.) Having examined the record and considered the applicable law, the undersigned has concluded that Defendant's Motion to Dismiss should be granted.

## FACTUAL BACKGROUND

1.   **State Conviction:**

In April of 2005, Plaintiff was charged by Criminal Complaint with Second Degree Sexual Assault and Third Degree Sexual Assault. (Document No. 8-1, p. 1.) Plaintiff was released on bond pending grand jury proceedings. (Id., p. 2.) Subsequently, Plaintiff was indicted by the grand jury for eighty-seven (87) counts of Third Degree Sexual Assault and two (2)

counts of Second Degree Sexual Assault. (Id.) Plaintiff then absconded with the alleged victim to Virginia, which resulted in the filing of federal charges. (Id.) On March 6, 2007, Plaintiff pled guilty to five counts of Third Degree Sexual Assault. (Id., pp. 4 – 5.) On August 24, 2007, the Circuit Court sentenced Plaintiff to an indeterminate term of one (1) to five (5) years on each count to run consecutively to each other. (Id., p. 6.) Plaintiff appealed his conviction to the West Virginia Supreme Court asserting the following: (1) "Is a sentencing decision by a trial court appealable based solely upon an abuse of discretion prior to the filing of a motion for reconsideration?"; and (2) "Did the trial court abuse its discretion in this case?" (Id., p. 9.) The West Virginia Supreme Court refused his appeal on June 11, 2008. (Document No. 8-5.)

On February 8, 2012, Plaintiff filed a *habeas* petition with the Circuit Court of Pocahontas County. (Document No. 8-3, p. 2.) Plaintiff's *habeas* petition was denied on March 1, 2012. (Id.) Plaintiff did not file an appeal with the West Virginia Supreme Court. (Id.)

On August 26, 2013, Plaintiff filed his Section 2254 Petition with the Northern District of West Virginia. Vance v. United States, Case No. 2:13-cv-00060 (N.D.W.Va. April 16, 2014); (Document No. 8-2.) As grounds for relief, Plaintiff asserted as follows: (1) Plaintiff's constitutional due process rights, equal protection rights, and privacy rights under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments were violated by the use of an intercepting devise used to record a call made by Plaintiff to the victim; (2) Plaintiff was denied his right to effective assistance of counsel as guaranteed under the Sixth and Fourteenth Amendments. (Document No. 8-3.) By "Report and Recommendation" filed on March 27, 2014, United States Magistrate Judge Kaull's recommended that Petitioner's Section 2254 Petition be dismissed without prejudice based upon his failure to exhaust. (Id.) By Memorandum Opinion and Order entered on April 16, 2014, United States District Judge John Preston Bailey adopted Judge

2

Kaull's recommendation and dismissed Plaintiff's Section 2254 Petition without prejudice. (Document No. 8-4.).

2.    **Federal Conviction:**

On February 28, 2007, Petitioner was convicted in the United States District Court for the Northern District of West Virginia of one count of traveling in interstate commerce to engage in a sexual act with a juvenile in violation of 18 U.S.C. § 2423(b) (Count One), and one count of transporting a minor in interstate commerce with intent to engage in sexual activity in violation of 18 U.S.C. § 2423(a) (Count Two). (Document No. 8-1, pp. 5 – 6.) On August 6, 2007, the District Court sentenced Plaintiff to a 87-month term of imprisonment on each count to run concurrently, to be followed by a five-year term of supervised release. (Id., p. 6.) On August 8, 2007, Plaintiff filed an appeal with the Fourth Circuit Court of Appeals. The Fourth Circuit affirmed Plaintiff's conviction and sentence on August 1, 2008. United States v. Vance, 290 Fed.Appx. 532 (4th Cir. 2008).

On August 28, 2009, Plaintiff filed in the Northern District of West Virginia his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. Vance v. United States, 2010 WL 3244875, * 1 (N.D.W.Va. June 25, 2010). As grounds for *habeas* relief, Plaintiff asserted as follows: (1) Ineffective assistance of counsel based upon counsel's failure to cross-examine the victim adequately, introduce and exclude certain evidence, impeach the government witness, pursue certain defense strategies, call certain witnesses to testify in violation of the Plaintiff's Fifth Amendment rights, and appeal the denial of bond; (2) Ineffective assistance of appeal counsel based upon counsel's failure to file an Anders brief without Plaintiff's knowledge or consent, and inform Plaintiff of his right to a rehearing before the Fourth Circuit; and (3) Multiple instance of various types of prosecutorial

3

misconduct, including intimidating witnesses. Id. The United States filed its Response on

October 6, 2009. Id. By Report and Recommendation entered on June 25, 2010, United States

Magistrate Judge James E. Seibert recommended that Plaintiff's Section 2255 Motion be denied.

Id. at * 8. By Memorandum Opinion and Order entered on August 16, 2010, United States

District Judge John Preston Bailey adopted Judge Seibert's recommendation and denied

Plaintiff's Section 2255 Motion. Vance v. United States, 2010 WL 3270107 (N.D.W.Va. Aug.

16, 2010).

On January 21, 2014, Plaintiff filed in the Northern District of West Virginia his second

Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal

Custody. Vance v. United States, 2014 WL 1806768, * 2 (N.D.W.Va. May 7, 2014). In support,

Plaintiff argued that his case should be reopened and his conviction overturned because the

AUSA prosecuting his case "broke the law." Id. Specifically, Plaintiff asserted the following

grounds for relief: (1) The AUSA made false and misleading statements to the Court and jury;

(2) Illegal wiretapping; and (3) Prosecutorial misconduct. Id. By "Report and Recommendation"

filed on April 16, 2014, United States Magistrate Judge James E. Seibert recommended that

Plaintiff's Section 2255 Motion be denied as second or successive. Id. at * 4. On May 7, 2014,

United States District Judge John Preston Bailey entered his "Order Adopting Report and

Recommendation" and dismissed Plaintiff's Section 2255 Motion. Id. at * 1.

**3.** **Instant Section 1983 Action:**

On November 9, 2016, Plaintiff, acting *pro se*, filed an Application to Proceed Without

Prepayment of Fees and Cost (Document No. 1) and his Complaints (Document Nos. 2 and 3)

claiming entitlement to relief under 42 U.S.C. § 1983.[1] Plaintiff names the West Virginia State

---

[1]  Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a

Police, Pocahontas County Detachment, ["WVSP"] as the Defendant. (Document Nos. 2 and 3.) Plaintiff alleges that WVSP violated his constitutional rights by "turn[ing] over an illegal tape recording to the Federal Court out of Elkins, WV." (Document No. 2, p. 1.) In support, Plaintiff states as follows:

> On 04/07/2005, State Trooper W.A. Pendleton had Lt. T.A. McCoy go to the Plaugher's home to use his suction cup interception device to record a phone call to me. On 04/08/2005, State Trooper W.A. Pendleton used the tape recording that L.T. T.A. McCoy done to help get a search and arrest warrant. The information in the search and arrest warrants complaints. In the fall of 2005, the West Virginia State Police from Pocahontas Detachment turned over the illegal tape recording and the search and arrest warrants to the F.B.I. and the federal court system in February of 2007. The tape recording was used against him in the federal trial.

(Id.) As relief, Plaintiff requests that the Court order the WVSP to pay him the sum of Twenty Million Dollars.[2] (Id., p. 2.) As an Exhibit, Plaintiff attaches a copy of pertinent pages of transcripts from his Section 2254 proceeding challenging the validity of his State conviction (Vance v. United States, Case No. 2:13-CV-00060 (N.D.W.Va. April 16, 2014). (Id., pp. 3 – 6.) In his form Complaint, Plaintiff asserts nearly identical allegations. (Document No. 3.)

On November 28, 2016, Plaintiff filed a "Narrative" in support of his Complaint. (Document No. 5.) Specifically, Plaintiff states as follows:

> On April 7, 2015, Lt. T.A. McCoy from the Pocahontas County Sheriff's Dept. went to the Plaugher's home with State Trooper W.A. Pendleton to record a telephone call. Lt. McCoy applied a suction cup interception device to the phone of the Plaugher's for Lt. McCoy to record a phone call that he instructed the victim to make. On April 7, 2005, State Trooper Pendleton obtained a search and an arrest warrant with information that was on the tape recording made by Lt. McCoy; it is in the search and warrant complaints. In the fall of 2005, the West Virginia State Police turned over the tape recording to the FBI and the Federal

---

less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2]   Plaintiff has initiated three other civil actions with this Court asserting similar claims: (1) *Vance v. Pocahontas Sheriff Department*, Case No. 1:16-cv-10730; (2) *Vance v. Lightner*, Case No. 1:16-cv-12296; and (3) *Vance v. West Virginia State Police*, Case No. 1:17-cv-01085.

5

Court system. I received this information in the discovery from my court appointed attorney provided by the federal court.

On February 24, 2006, a hearing was conducted in the Pocahontas County Circuit Court. During that hearing, my attorney Keith McMillion proved that it said two other calls concern me in the transcripts, there has been no evidence offered by the State, and no evidence developed through the witness that this equipment that was used was registered with the West Virginia State Police. Furthermore, Lt. McCoy testified that the device was a rubber suction cup, earphone, and telephone hookup. Lt. McCoy also testified that his particular training just dealt with the actual use of the device itself. This information is stated in the said transcripts, and furthermore, there was no warrant issued for the device. In February of 2007, I went to trial in federal court and the said recording was used against me.

(Id., p. 1.)

On May 3, 2017, Plaintiff filed a document entitled "Reasons for Correction of Sentence." (Document No. 6.) Specifically, Plaintiff continues to claim that Trooper Pendleton and Lt. McCoy conducted an "illegal authorized investigation with no wiretapping warrants" on April 6 and 7, 2005. (Id., p. 1.) Plaintiff complains that on April 8, 2005, Trooper Pendleton "used this illegal authorized tape to get a search and arrest warrant." (Id.) Second, Plaintiff claims that the "search and arrest warrants are illegal [because] they said my crime took place in Pendleton County and the State Trooper took an oath and said my crime took place in Pocahontas County. (Id.) Plaintiff, therefore, concludes that "there is a venue problem." (Id.) Third, Plaintiff states that the State Police "turned over this illegal tape recording and search and arrest warrant to the FBI and the Federal Court system in 2005." (Id.) Plaintiff argues that the "illegal tape recording and search and arrest warrant" was "illegal evidence under the fruit of the poisonous tree." (Id.) Finally, Plaintiff argues that his plea was illegal because it "stemmed from illegal evidence and an illegal authorized investigation, plus the law broke the law." (Id.) Plaintiff, therefore, requests that this Court grant "this Motion for Correction of Sentence and grant such other relief as justice requires." (Id.)

6

On May 18, 2017, the WVSP filed its Motion to Dismiss and Memorandum in Support. (Document Nos. 8 and 9.) Specifically, the WVSP argue that Plaintiff's claims should be dismissed based on the following: (1) "Plaintiff's claims are barred by the Statute of Limitations" (Document No. 9, pp. 3 – 4.); (2) "Plaintiff's claims are barred pursuant to *Heck v. Humphrey* and collateral estoppel" (Id., pp. 5 – 8.); (3) "Plaintiff's claims are not proper against the West Virginia State Police in federal court due to the *Will* Doctrine and the Eleventh Amendment" (Id., pp. 8 – 10.); and (4) "Defendant was not served within ninety days" (Id., pp. 10 – 12).

As Exhibits, the WVSP attach the following: (1) A copy of Petitioner's "Petition for Appeal of Criminal Conviction in Pocahontas County, West Virginia" as filed with the West Virginia Supreme Court of Appeals on March 24, 2008 (Document No. 8-1.); (2) A copy of Plaintiff's Section 2254 Petition as filed with the Northern District of West Virginia (Document No. 8-2.); (3) A copy of United States Magistrate Judge John S. Kaull's "Report and Recommendation" recommending that Petitioner's Section 2254 Petition be dismissed without prejudice based upon his failure to exhaust (Document No. 8-3.); (4) A copy of United States District Judge John Preston Bailey's "Order Adopting Report and Recommendation" dated April 16, 2014 (Document No. 8-4.); and (5) A copy of the West Virginia Supreme Court's Order entered on June 11, 2008, refusing Plaintiff's direct appeal (Document No. 8-5.).

Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on May 19, 2017, advising him of the right to file a response to the WVSP's Motion to Dismiss. (Document No. 10.) On July 20, 2017, Plaintiff filed his "Memorandum of Law in Support of Plaintiff's Motion to Grant." (Document No. 14.) Specifically, Plaintiff continues to argue that "the law and the court broke the law just to get [him] charged and convicted and all

the evidence is completely illegal that the West Virginia State Police turned over to the FBI and the Federal Court system." (Id., p. 1.) Plaintiff argues that Trooper Pendleton lied under oath and violated the wiretapping laws. (Id., pp. 1 - 10.) Plaintiff further contends that the United States Attorney's Office has complaints of witness tampering by Trooper Pendleton. (Id.) Plaintiff continues to argue that Lt. McCoy used an unregistered suction cup interception device to record a phone call in violation of the State and Federal wiretapping law. (Id.) Plaintiff argues that the foregoing evidence was "illegal" because the evidence was "fruit of the poisonous tree." (Id.) Next, Plaintiff argues that he did not serve the WVSP within 90 days because he "did what the 1983 paper work said and it said nothing about serving the Defendant." (Id.) Finally, Plaintiff argues that he has newly discovered evidence that Mr. Lightner was improperly acting as a bail bondsman in September 2005, because Mr. Lightner was not licensed by the Commonwealth of Virginia. (Id.) Plaintiff argues that Mr. Lightner "kidnapped" him when Mr. Lightner traveled into Virginia to retrieve Plaintiff.[3] (Id.)

As Exhibits, Plaintiff attaches the following: (1) A copy of pertinent pages of transcripts from his Section 2254 proceeding challenging the validity of his State conviction (Vance v. United States, Case No. 2:13-CV-00060 (N.D.W.Va.) (Id., pp. 11 – 13.); (2) A copy of a letter dated February 17, 2017, from the Commonwealth of Virginia addressed to Petitioner regarding whether Lloyd W. Lightner was a licensed bail bondsman (Id., p. 14.); (3) A copy of Plaintiff's "Narrative" claiming that Mr. Lightner acted as a bail bondsman in September, 2005, without a licenses (Id., p. 15.); (4) A copy of Collins v. Clarke, 2014 U.S. Dist. LEXIS 85217 (E.D.Va.

---

[3]  The undersigned notes that Plaintiff's claims against Mr. Lightner are irrelevant to the instant case. Plaintiff appears to argue that Mr. Lightner, a bail bondsman in West Virginia, acted improperly by retrieving Plaintiff from Virginia because Mr. Lightner was not a licensed bail bondsman in Virginia. Such claims are irrelevant to Plaintiff's claim against the WVSP and Mr. Lightner is not a named Defendant.

June 19, 2014) (Id., pp. 16 – 18.); (5) A copy of Plaintiff's notes regarding Lund v. Seneca County Sheriff's Dept., 230 F.3d. ___ (Id., pp. 19 - 20.); and (6) A copy of Plaintiff's "Warrant for Arrest" and Criminal Complaint as filed in the Magistrate Court of Pochontas County, West Virginia in Case Nos. 05-F-24 and 05-F-25 (Id., pp. 21 - 23.).

On August 1, 2017, the WVSP filed their Reply. (Document No. 15.) Specifically, the WVSP argue as follows: (1) "Plaintiff's claim of illegally obtained evidence is barred" (Id., pp. 1 – 3.); (2) "Lloyd W. Lightner, Sr.'s lack of licensure is of no merit (Id., pp. 3 – 5.); and (3) "Plaintiff failed to respond to nearly the entirety of Defendant's Motion to Dismiss" (Id., p. 5.).

On August 10, 2017, Plaintiff filed his "Motion for Leave to Sur-Reply"[4] (Document No. 16) and his Sur-Reply (Document No. 17). In his Sur-Reply, Plaintiff argues that he "is not challenging [his] State conviction at all, [he] is challenging the evidence that the West Virginia State Police turned over to the FBI and the Federal Courts and how the W. Va. State Trooper W.A. Pendleton and Lt. Troy McCoy of the Pocahontas County Sheriff Department used an unregistered suction cup interception device and done an unauthorized wiretapping without a court order as required by the West Virginia Wiretapping and Electronic Surveillance Act." (Document No. 17, pp. 1 – 2, 4.) Second, Plaintiff appears to dispute that his wiretapping claim is precluded by collateral estoppel. (Id., p. 1.) Plaintiff claims that the wiretapping issued was not raised on direct appeal and he was denied effective assistance of counsel during his motion to suppress hearing. (Id.) Third, Plaintiff continues to argue that he was convicted based upon "illegally obtained evidence." (Id., pp. 2 - 4.) Fourth, Plaintiff continues to argue that the Pocahontas County Magistrate lacked jurisdiction to issue the arrest warrant because Plaintiff's

---

[4] By separate Order entered this day, the undersigned has granted Plaintiff's "Motion for Leave to Sur-Reply."

alleged crimes occurred in Pendleton County. (Id., pp. 2 – 3.) Finally, Plaintiff continues to argue that Mr. Lightner "kidnapped" him and transported Plaintiff back to West Virginia illegally and in violation of his constitutional rights. (Id., p. 5.)

As Exhibits, Plaintiff attaches the following: (1) A copy of West Virginia Code § 50-2-3 (Id., pp. 7 – 8.); (2) A copy of pertinent pages from the West Virginia Criminal Procedure regarding "Illegal Arrest May Bar Admission of Evidence," "Illegal Arrest as a Basis of Civil or Criminal Action Against Police," and "Other Principles of Fruit of Poisonous Tree Doctrine" (Id., pp. 8 – 11.); (3) A copy of Moravitz v. Anderson, 644 Fed.Appx. 248 (4th Cir. 2016)[5] (Id., pp. 12 – 13.).

## THE STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009)(quoting Bell Atlantic Corporation v. Twombly, 550 U.S. 554, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although factual allegations must be accepted as true for purposes of a motion to dismiss, this principle does not apply to legal conclusions. Id. "Threadbare recitals of the elements of a cause of action,

---

[5]  Plaintiff appears to cite *Moravitz v. Anderson*, 644 Fed.Appx. 248 (4th Cir. 2016) in an attempt to assert that *Heck* does not preclude his claims. The facts in *Moravitz*, however, are clearly distinguishable from the facts of Plaintiff's case. In *Moravitz*, Mr. Moravitz's criminal sentence only involved a monetary fine and no term of incarceration. The Fourth Circuit, therefore, determined that *Heck* did not preclude Mr. Moravitiz's claim because Mr. Moravitiz "could [not] have practicably sought *habeas* relief." In the instant case, Plaintiff was clearly sentenced to a term of incarceration as to both his Federal and State convictions. Furthermore, Plaintiff not only had the opportunity to seek *habeas* relief concerning both his State and Federal convictions,

supported by mere conclusory statements, do not suffice." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly, 550 U.S. at 555, 127 S.Ct. at 1959. Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).

## ANALYSIS

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). Title 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States.

1.    **Improper Party:**

In his Complaint, Plaintiff names the WVSP as the sole defendant. The undersigned, however, notes that Plaintiff asserts specific allegations against West Virginia State Police Lieutenant T.A. McCoy and West Virginia State Trooper W.A. Pendleton. The WVSP seek the dismissal of Plaintiff' Complaint as claims against the State of West Virginia, which are barred by the Eleventh Amendment. To the extent Plaintiff is asserting claims against the WVSP, Lt.

---

Plaintiff has sought such relief.

McCoy, and Trooper Pendleton in their official capacities, the undersigned agrees that the Motion to Dismiss should be granted.

As stated above, to state and prevail upon a claim under Section 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States. In Monell, the Supreme Court recognized that municipalities and municipal officials sued in an official capacity are suitable "persons" for such purposes. Monell, 436 U.S. at 690, 98 S.Ct. at 2035. The Supreme Court, however, later clarified that states, state agencies, or state officials sued in their official capacities cannot be sued for damages under Section 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989)(suits against a state or state agencies for monetary damages are barred by the Eleventh Amendment to the United States Constitution); Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 117, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); Westinghouse Elec. Corp. v. West Virginia Dept. of Highways, 845 F.2d 468, 470 (4th Cir.), cert. denied, 488 U.S. 855, 109 S.Ct. 143, 102 L.Ed.2d 116 (1988). The West Virginia State Police is a state agency, thus barring Plaintiff's claims. See Sweat v. West Virginia, 2016 WL 7422678, * 5 (S.D.W.Va. Dec. 22, 2016)(J. Chambers); Krein v. West Virginia State Police, 2012 WL 2470015, * 6 (S.D.W.Va. June 17, 2012)(J. Copenhaver). Accordingly, the undersigned recommends that Plaintiff's claims against the WVSP and Plaintiff's official capacity claims against Lt. McCoy and Trooper Pendleton be dismissed. To the extent Plaintiff is asserting claims against Lt. McCoy and Trooper Pendleton in their individual capacities, the undersigned will other consider other grounds that are asserted for dismissal. See Hafter v. Melo, 502 U.S. 21, 31, 112 S.Ct. 358, 116

L.Ed.2d 301 (1991)("We hold that state officials, sued in their individual capacities are 'persons' within the meaning of § 1983. The Eleventh Amendment does not bar such suits[.]").

## 2. **Statute of Limitations:**

In its Motion to Dismiss, the WVSP argue that Plaintiff's claims are barred by the statute of limitations. (Document No. 8 and 9.) Specifically, the WVSP assert that the statute of limitations for a personal injury action is two years in West Virginia. (Document No. 9, pp. 3 – 4.) The WVSP contend that "Plaintiff's allegations derive from events that allegedly occurred between 2005 and 2007." (Id., p. 4.) The WVSP explain that Plaintiff "clearly knew of this alleged tort when the recording was used against him between 2005 and 2007." (Id.) The WVSP contend that the latest the statutory period could have begun to run was February 2007, when the recording was used against Plaintiff at his federal trial. (Id.) The WVSP noted that Plaintiff filed his Complaint on November 9, 2016, "well beyond the two year statute of limitations." (Id.) Plaintiff fails to address the above issue in his responses. (Document Nos. 14 and 17.)

A Plaintiff must file a Section 1983 action within the prescribed time period. Because there is no federally prescribed statute of limitation, Courts look to and apply their respective State's statutes of limitation. See Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). The Fourth Circuit has recognized that "in the absence of any state statute of limitations specifically applicable to suits to redress a violation of civil rights, the West Virginia limitation on personal injury actions applies." McCausland v. Mason County Bd. of Ed., 649 F.2d 278 (4th Cir. 1981), cert. denied, 454 U.S. 1098, 102 S.Ct. 671, 70 L.Ed.2d 639 (1981). Under West Virginia law, the applicable period of limitation upon a plaintiff's right to file a personal injury is two-years from the time the cause of action accrued. See W.Va. Code §

55-2-12(b).[6] The applicable period of limitations for a claim of false imprisonment is one-year. Wilt v. State Auto. Mut. Ins. Co., 203 W.Va. 165, 506 S.E.2d 608, 613 (1998); also see Snodgrass v. Sisson's Mobile Home Sales, Inc., 161 W.Va. 588, 244 S.E.2d 321 (1978). Although the limitation period is borrowed from State law, the question of when a cause of action accrues is answered according to federal law. See Brooks v. City of Winston-Salem, NC, 85 F.3d 178, 181 (4th Cir. 1996). Under federal law, a cause of action accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim v. Warden, MD House of Corr., 64 F.3d 951, 955 (4th Cir. 1995)(en banc), cert. denied, 516 U.S. 1177, 116 S.Ct. 1273, 134 L.Ed.2d 219 (1996)(citing United States v. Kubrick, 444 U.S. 111, 122-24, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979)). "Accrual of a claim does not 'await awareness by the plaintiff that his injury was negligently inflicted.'" Nasim, 64 F.3d at 955 (quoting Childers Oil Co., Inc. v. Exxon Corp., 960 F.2d 1265, 1272 (4th Cir. 1992)). Accordingly, for a Section 1983 action, "a cause of action accrues either when the plaintiff has knowledge of his claim or when he is put on notice -- e.g., by the knowledge of the fact of injury and who caused it -- to make reasonable inquiry and that inquiry would reveal the existence of a colorable claim." Nasim, 64 F.3d at 955. To determine when a plaintiff possessed knowledge of his injury, the Court "may look to the common-law cause of action most closely

---

[6]  West Virginia Code § 55-2-12 provides as follows:

> Every personal action for which no limitation is otherwise prescribed shall be brought: (a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative.

14

analogous to the constitutional right at stake as an 'appropriate starting point.'" <u>Brooks</u>, 85 F.3d at 181 (citations omitted).

The WVSP construe Plaintiff's Complaint as alleging a general violation of his civil rights based upon the use of recordings obtained in violation of the West Virginia Wiretapping and Electronic Surveillance Act. As to Plaintiff's general claim that his constitutionally rights were violated by the use of illegally recorded information, the undersigned will apply West Virginia's two year limitation period as to personal injury actions. Thus, the undersigned must determine when Plaintiff's above cause of action accrued. The record reveals that Plaintiff was convicted of his State charges on March 6, 2007 and convicted of his Federal charges on February 28, 2007. (Document No. 8-1, p. 5.); <u>United States v. Vance</u>, Case No. 2:05-cr-00043 (N.D.W.Va. Aug. 6, 2007), Document No. 29. Plaintiff argues that his constitutional rights were violated because he was convicted based upon illegally recorded evidence. The undersigned finds that at the latest, Plaintiff had knowledge of his claim, or was put on notice to make a reasonable inquiry as to his claim, at the time of his State and Federal convictions. Accordingly, by applying the West Virginia two-year statute of limitation together with the federal standard of accrual, the undersigned finds that Plaintiff's above cause of action expired, at the latest, on March 6, 2009, two-years from the date Plaintiff was convicted on his State charges.[7] Plaintiff filed his instant Complaint on November 9, 2016. Accordingly, Plaintiff's Complaint should be dismissed because the two-year statute of limitations has run as to Plaintiff's above claim.

Liberally construing Plaintiff's Complaint, Plaintiff appears to allege that he was falsely

---

[7] Plaintiff was convicted on his Federal charges on February 28, 2007. Thus, the statute of limitations concerning a claim based upon his Federal charges would have expired on February 28, 2009.

arrested and falsely imprisoned based upon "illegal evidence" obtained in violation of West Virginia Wiretapping and Electronic Surveillance Act. To the extent Plaintiff is asserting such claims, the undersigned will briefly consider the timeliness. A Section 1983 claim for false arrest and false imprisonment accrues when the claimant is detained pursuant to legal process.[8] Wallace v. Kato, 549 U.S. 384, 127 S.Ct. 1091, 1100, 166 L.Ed.2d 973 (2007)(holding "that the statute of limitations upon a § 1983 claim seeking damages for false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process."); Owens v. Blatimore City States Attorneys Office, 767 F.3d 379, 389 (4th Cir. 2014)(explaining that "the statute of limitations for false imprisonment does not begin to run at the *outset* of a Plaintiff's false imprisonment; rather, limitations begin to run only at the *end* of a Plaintiff's false imprisonment."); Magwood v. Streetman, 2016 WL 5334678, * 5(D.S.C. Aug. 15, 2016)(explaining that false imprisonment consists of detention without legal process, which ends once the victim becomes held pursuant to such process); Smith v. Allred, 2016 WL 1274593, * 8 (S.D.W.Va. March 31, 2016)(J. Copenhaver)([S]ection 1983 claims for wrongful arrest do not accrue until the individual is released or his detention becomes lawful."). A plaintiff's claim for false arrest or false imprisonment ceases once plaintiff is detained pursuant to legal process, and at this point, plaintiff's claim becomes a claim of malicious prosecution. [9] See Wallace, 549 U.S. at 388-89,

---

[8] The Supreme Court noted that "[f]alse arrest and false imprisonment overlap; the former is a species of the later." *Wallace*, 127 S.Ct. at 1095.

[9] A Section 1983 claim for malicious prosecution accrues when the prosecution has terminated in Plaintiff's favor. It is of significance to note here for purposes of accrual the distinction between a claim for false arrest or imprisonment and malicious prosecution. Generally, a plaintiff knows of his injuries in a cause of action for false arrest without probable cause on the date of his arrest.

127 S.Ct. at 1091("Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held pursuant to such process - - when, for example, he is bound over by a magistrate or arraigned on charges . . . Thereafter, unlawful detention forms part of the damages for the entirely distinct tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process.")(internal citations omitted). Id. at 1097; see also Brummett v. Camble, 946 F.2d 1178, 1184 (5th Cir. 1991), cert. denied, 504 U.S. 965, 112 S.Ct. 2323, 119 L.Ed.2d 241 (1992)(Listing federal cases adopting this common law rule); Albright v. Oliver, 510 U.S. 266, 280, 114 S.Ct. 807, 816, 127 L.Ed.2d 114 (1994)(J. Ginsburg, concurring)(Stating that the limitation period for a malicious prosecution claim should begin to run upon dismissal of the criminal charges, not at the start of the state procedures.).

Based upon a review of the record, Plaintiff was arraigned on his State charges on September 23, 2005 and arraigned on his Federal charges on October 31, 2005. (Document No. 8-1, p. 2.); United States v. Vance, Case No. 2:05-cr-00043 (N.D.W.Va. Aug. 6, 2007), Document No. 10. Based on the foregoing, the undersigned finds that Plaintiff was detained pursuant to legal process on September 23, 2005 as to his State charges and on October 31, 2005 as to his Federal charges. Accordingly, by applying the West Virginia one-year statute of limitation together with the federal standard of accrual, the undersigned finds that Plaintiff's cause of action for false arrest expired, at the latest, on October 31, 2006, one-year from the date

---

Thus, a cause of action for false arrest will accrue at the time of arrest. *See Covington v. City of New York*, 171 F.3d 117 (2d Cir.), *cert. denied*, 528 U.S. 946, 120 S.Ct. 363, 145 L.Ed.2d 284 (1999); *Rose v. Bartle*, 871 F.2d 331, 348-49, 351 (3d Cir. 1989). A plaintiff does not know of his injuries in a cause of action for malicious prosecution, however, until the charges are disposed of in his favor. In the instant case, Plaintiff has failed to state a claim of malicious prosecution because he has not alleged that criminal proceeding terminated in his favor.

Plaintiff was detained pursuant to legal process as to his Federal charges.[10] Plaintiff filed his instant Complaint on November 9, 2016. Accordingly, Plaintiff's Complaint should be dismissed because the one-year statute of limitations has run to the extent Plaintiff is asserting claims of false arrest and false imprisonment.

**3.    <u>Heck</u>:**

In its Motion to Dismiss, the WVSP argues that Plaintiff's claims are precluded by <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). (Document Nos. 8 and 9.) Specifically, the WVSP contends that "Plaintiff's Complaint alleges that illegally obtained evidence was used against him in both his federal and state criminal cases." (Document No. 9, p. 5.) The WVSP note that neither Plaintiff' State nor Federal convictions have been overturned on direct appeal or during *habeas* proceedings. (<u>Id.</u>, pp. 5 – 6.)

In Response, Plaintiff argues that he "is not challenging [his] State conviction at all, [he] is challenging the evidence that the West Virginia State Police turned over to the FBI and the Federal Courts and how the W. Va. State Trooper W.A. Pendleton and Lt. Troy McCoy of the Pocahontas County Sheriff Department used an unregistered suction cup interception device and done an unauthorized wiretapping without a court order as required by the West Virginia Wiretapping and Electronic Surveillance Act." (Document No. 17, pp. 1 – 2, 4.) Plaintiff, however, continues to argue that he was convicted based upon "illegally obtained evidence." (<u>Id.</u>, pp. 2 - 4.) Finally, Plaintiff continues to argue that the Pocahontas County Magistrate lacked jurisdiction to issue the arrest warrant because Plaintiff's alleged crimes occurred in Pendleton County. (<u>Id.</u>, pp. 2 – 3.)

---

[10]  Plaintiff was detained pursuant to legal process as to his State charges on September 23, 2005. Plaintiff's cause of action for false arrest as to his State charges expired on September 23, 2006.

The undersigned finds that Plaintiff is alleging that his constitutional rights were violated during the course of his criminal proceedings in State and Federal Court. Specifically, Plaintiff alleges that the WVSP violated his constitutional rights by "turn[ing] over an illegal tape recording to the Federal Court out of Elkins, WV." Plaintiff complains that the illegal tape recordings provided by the WVSP were used against Plaintiff in Federal Court. Plaintiff further alleges that the illegal tape recording was improperly used to obtain a search warrant and arrest warrant concerning his State charges. Finally, Plaintiff complains that the State courts in Pocahontas County lacked proper jurisdiction because the alleged crimes occurred in Pendleton County, West Virginia. Given the nature of Plaintiff's allegations, Plaintiff is clearly implying that his State and Federal convictions are invalid as a result of various constitutional violations during criminal proceedings in the Circuit Court of Pocahontas County, West Virginia and in the United States District Court for the Northern District of West Virginia. Consequently, the undersigned finds that Plaintiff has failed to state a cognizable claim under Section 1983 pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In Heck, the United States Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing the relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id. at 486-87, 114 S.Ct. 2372. See also Ballenger v. Owens, 352 F.3d 842 (4th Cir. 2003)(holding that an arrestee's Section 1983 claim was not cognizable against state trooper, alleging unreasonable search and seizure, under *Heck,* since judgment in arrestee's favor would have

19

implied the invalidity of conviction). Plaintiff has unsuccessfully challenged the validity of his State and Federal convictions in *habeas* proceedings. The undersigned, therefore, finds that because Plaintiff has not demonstrated that his criminal convictions have been invalidated, Plaintiff's Section 1983 claim is not cognizable pursuant to <u>Heck</u>. Accordingly, the undersigned respectfully recommends that the above claims be dismissed. The undersigned finds it unnecessary to consider the other reasons which the WVSP have submitted for dismissal.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (Document No. 1), **GRANT** Defendant's Motion to Dismiss (Document No. 8), **DISMISS** Plaintiff's Complaints (Document Nos. 2 and 3) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo*

review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: November 13, 2017.

Omar J. Aboulhosn
United States Magistrate Judge